## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No. 2:16-cr-69** |
| | : | |
| **Plaintiff,** | : | **Judge Algenon L. Marbley** |
| | : | |
| **v.** | : | |
| | : | |
| **DONNY JOE EMMERT,** | : | |
| | : | |
| **Defendant.** | : | |

### OPINION & ORDER

This matter is before this Court on Defendant Donny Joe Emmert's second *pro se* Motion for Early Termination of Supervised Release. (ECF No. 10). The Government no longer opposes his request. (ECF No. 11 at 1). The motion is **GRANTED**.

### I.    BACKGROUND

In 2007, Defendant, Donny Joe Emmert, pleaded guilty to traveling with the intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) after he exchanged provocative messages with what he believed was a thirteen-year-old minor and traveled from Ohio to Kentucky to meet her. (*Id.*). Judge William O. Bertelsman sentenced Mr. Emmert to forty-six months in prison and lifetime supervised release. Judgment in a Criminal Case, *United States v. Emmert*, No. 2:07-cr-45, at 1–3 (E.D. Ky. Nov. 19, 2007). This was the lowest end of the guideline range for imprisonment, but constituted the maximum possible supervised release sentence, as was recommended. (ECF No. 8-3 at 10–11). Emmert had no prior criminal history. (*Id.* at 6).

Emmert was released from prison in 2010, returned to Ohio, and registered as a sex offender for ten years. (ECF No. 9 at 2). Emmert first moved this Court in December 2022 for early termination of supervised release. (ECF No. 4). The Government opposed, and this Court

denied Emmert's motion in November 2023, concluding that his behavior on three years' supervised release following ten years as a registered sex offender "[did] not constitute a sufficient showing that his rehabilitation [was] complete." (ECF No. 9 at 8).

Now, Emmert moves for termination again, essentially rehashing his prior argument[1] and pointing out that the passage of three additional years aids his cause. (*Compare* ECF No. 10 *with* ECF No. 4). Significantly, the Government "no longer oppos[es]" early termination. (ECF No. 11 at 3). The Government reasons that Emmert has served three times the minimum of supervised release for violations of 18 U.S.C. § 2423(b), has complied with all requirements of supervised release, has achieved "extreme success during both his term of incarceration, his registration requirements as a sex offender, and his supervised release obligations," and has established a "special hardship" justifying the requested relief. (ECF No. 11 at 3–4). This Court agrees.

## II.    STANDARD OF REVIEW

A court may "order early termination of the period of supervised release" when the defendant "has served one full year of supervised release." *United States v. Green*, 2009 WL 1606603, at *1 (S.D. Ohio June 5, 2009) (Marbley, J.) (citing 18 U.S.C. § 3583(e)(1)). Courts enjoy discretion in considering whether early termination is warranted by the defendant's conduct

---

[1] Emmert claims he is now retired and takes care of ailing family members. (ECF No. 10 at 1). He has a new girlfriend and submits a letter from her, (*id.* at 1, 3), although he also submits the same old letter from his now-former girlfriend, (*compare id.* at 11 *with* ECF No. 4-7). He also submits the same letter from a purported employer, (*compare* ECF No. 4-3 *with* ECF No. 10 at 6) despite representing that he is no longer working. His other submissions are similarly reused.

Additionally, in both his 2022 and 2025 requests, Emmert suggests that his request is, in part, "on the recommendation of his sentencing judge." (ECF Nos. 10 at 1; 4 at 1). As this Court has previously observed, nothing in the record suggests that the Honorable William O. Bertelsman recommended that Emmert have his supervised release terminated early. (ECF No. 9 at 4 n.1). In fact, the record suggests the opposite, as Judge Bertelsman imposed the maximum sentence of lifetime supervision.

*and* is in the interest of justice. *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025). Courts must consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence in criminal conduct; (3) the need to protect the public from the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment; (5) the sentencing range provided for by the guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid sentence disparities; and (8) the need to provide restitution to any victim. 18 U.S.C. § 3553(a)(1); (a)(2)(B)–(D); (a)(4)–(7).

### III.  LAW & ANALYSIS

This Court determines that factors (1), (2), (3), and (7) are again relevant, (*see* ECF No. 9 at 5), along with factors (5) and (6).[2] For the first factor, the nature and circumstances of Mr. Emmert's offense still weigh against early termination of his supervised release because Emmert pleaded guilty to a serious crime targeted at who he believed to be a thirteen-year-old girl. This serious offense aside, however, Emmert's other history and characteristics suggested to the Government he "has shown . . . that he has the ability to be a law abiding member of society."

---

[2] Emmert has not identified any needed educational or vocational training, medical care, or corrective treatment; nor is there an actual victim in this case needing restitution, as Emmert was caught by a sting operation. Any benefit to Emmert in terms of taking care of his family or improving his employment situation is better considered in evaluating the interest of justice. (*See* ECF No. 10 at 1; ECF No. 9 at 4). Because the only victim in this case is society, this Court considers the victim's interest in evaluating the interest of justice. Thus, factors (4) and (8) are essentially irrelevant. *See United States v. Holmes*, 2025 WL 2589569, at *1 (E.D. Mich. Aug. 14, 2025); *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (affirming district court's denial of early termination motion based on consideration of only two factors).

(ECF No. 10 at 4; *see also* ECF No. 9 at 4, 6).  The Court agrees.  This factor, which may have previously weighed against early termination, now is neutral.

For the second factor, Emmert's offense has been adequately deterred.  Emmert received the minimum prison sentence possible but also received a lifetime of supervised release.  He was registered as a sex offender in Ohio for ten years following his release and has been on supervised release for five years following the end of that sex offender registry.  (ECF No. 9 at 2).  He completed sex offender counseling and was deemed "probably a very low risk for reoffending," (*id.*); his probation officer also recommended termination.  (*See* ECF No. 11 at 4).  The Government recognized the gravity of Emmert's "child exploitation related offense" yet also "concur[red] with his request to terminate his supervised release early."  (*Id.*).  Thus, this factor now weighs in favor of early termination.

For the third factor, it does not appear continued supervised release is necessary to protect the public.  As this Court previously observed, Emmert made "laudable" progress in rehabilitation, successfully completing counseling and sex offender registration.  (ECF No. 9 at 6).  His conviction was now nineteen years ago, and his release from prison was fifteen years ago.  For its part, the Government is satisfied with Mr. Emmert's conduct, noting that he has completed all treatment and has taken maintenance polygraph examinations, including most recently a polygraph examination on March 13, 2025.  (ECF No. 11 at 3).  *Compare United States v. Phillips*, 2024 WL 3826306, at *2 (E.D. Tenn. Aug. 14, 2024) (denying motion to terminate supervision when Government opposed based on "repeated sexual offenses against children" and a "likelihood of recidivism").  This factor also now weighs in favor of early termination.

For the fifth factor, Mr. Emmert was sentenced to the low end of the guidelines range of forty-six to fifty-seven months.  (*See* ECF No. 8-3 at 10).  Judge Bertelsman saw fit to sentence

him to a term of supervised release for life, but as this Court previously noted, courts may consider early termination of a lifetime term of supervised release following a substantial period of success on supervised release.  (ECF No. 9 at 7) (collecting cases).  Emmert has now been released from prison for fifteen years—three times the minimum prescribed by law.  *See* 18 U.S.C. § 3583(k) ("[T]he authorized term of supervised release for any offense under section . . . 2423 . . . is any term of years not less than 5, or life.").  This factor is neutral.

For the sixth factor, the Court considers "any pertinent policy statement" issued by the Sentencing Commission that was in effect when the Defendant was sentenced, subject to any amendments made by act of Congress.  18 U.S.C. § 3553(a)(5).  At the time Defendant was sentenced on November 16, 2007, the Guidelines Manual provided as a policy statement that "If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended."  U.S. Sent'g Guidelines Manual §5D1.2(b)(2) (U.S. Sent'g Comm'n Nov. 1, 2007).

This policy aim was in force as recently as October 2025, *e.g.*, *United States v. Bowlus*, 2025 WL 2977595, at *3 (W.D. Ky. Oct. 21, 2025), but has been removed from the Guidelines Manual as of November 1, 2025.  *Compare* U.S. Sent'g Guidelines Manual §5D1.2(b)(2) (U.S. Sent'g Comm'n Nov. 1, 2024) (providing that "[i]f the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended") *with* U.S. Sent'g Guidelines Manual §5D1.2 (U.S. Sent'g Comm'n Nov. 1, 2025) (providing no such recommendation); *see Sentencing Guidelines for United States Courts*, 90 Fed. Reg. 8968, 8970 (Feb. 4, 2025) ("The proposed amendment . . . would remove the policy statement recommending a supervised release term of life for sex offense cases and add a policy statement that the court should state on the record its reasons for selecting the length of the term of supervised release.").

Thus, although this factor still weighs against early termination (because section 3553(a)(5) mandates that courts consider the policy statements in effect at the time of sentencing), the Court considers its significance diminished today given that the policy statement has recently been removed from the Sentencing Guidelines.

For the seventh factor, the Court considers the need to avoid sentencing disparities. As the Court previously observed, "lifetime terms of supervised release are rare in the federal system." (ECF No. 9 at 7). Emmert's supervised release term of life is within the range of the relevant sentence and the guidelines, though as a life term, it is the maximum. At this time, an early termination would not fall below the guidelines range of five years' supervised release, and therefore appears reasonable. *See United States v. Jeter*, 721 F.3d 746, 757 (6th Cir. 2013) ("A sentence falling within the Guidelines range is presumptively reasonable; one falling outside the Guidelines range carries no such presumption."); *compare Bowlus*, 2025 WL 2977595, at *3. For that reason and the reasons previously identified by this Court, (*see* ECF No. 9 at 7–8), this factor weighs in favor of early termination.

In sum, three factors weigh in favor of early termination, one factor weighs against, two are neutral, and two do not apply. Next, in considering Emmert's conduct and the interest of justice, the Court concludes that both favor an early termination. Mr. Emmert states that he cares for his grandmother, father, mother, and his mother's new husband. (ECF No. 10 at 1). He also notes that he has struggled to find employment due to his probation. (*Id.*). The Government concurs. (ECF No. 11 at 4).

In 2022, this Court concluded that Mr. Emmert had not made a sufficient showing to permit early termination. (ECF No. 9 at 8). In 2025, this Court now concludes that he has. *See Hale*, 127 F.4th at 641–42; *Holmes*, 2025 WL 2589569, at *2 (granting early termination where

defendant "exhibited commendable compliance with his supervision terms," was employed, remained crime-free, and became primary caregiver for elderly parent).  With the benefit of additional time under supervised release, the Court determines that, based Emmert's conduct, the Government's position, a renewed evaluation of the relevant section 3553(a) factors, and the interests of justice, early termination of Mr. Emmert's lifetime sentence of supervised release is warranted.

### IV.    CONCLUSION

This Court commends Mr. Emmert for the efforts he has made to turn his life around.  For these reasons and for good cause shown, his motion for early termination of supervised release is **GRANTED**.  The United States Probation Office for the Southern District of Ohio is **ORDERED** to **TERMINATE** the supervised release of Donny Joe Emmert within sixty days of this order.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 13, 2025**